CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 26 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT CARSWELL, | ) | Civil Action No. 7:09-cv-00281 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TERRY O'BRIEN, et al., | ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |

Robert Carswell, a federal prisoner proceeding pro se, filed a civil rights complaint, pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested in 28 U.S.C. § 1331.[1] Plaintiff names the United States Penitentiary in Lee County, Virginia ("USP Lee"), and Terry O'Brien, its warden, as the defendants. Plaintiff argues that the defendants inflicted cruel and unusual punishment upon him and other prisoners. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A(b)(1). After reviewing plaintiff's submissions, the court dismisses the complaint as frivolous.

I.

Plaintiff does not allege specific facts in his complaint but generally complains that the defendants punished him in violation of his Eighth Amendment right to be free from cruel and unusual punishment. He also includes his attempts to administratively grieve his complaints. In an attachment to his "claim for damage, injury, or death" grievance form, plaintiff alleges that a USP Lee guard committed a tort against him in December 2008 when the officer "refused to provide [plaintiff] with procedures on the Out You Go List Kick You To The Compound"

---

[1] Plaintiff submitted the complaint on a form complaint for a civil rights action under 42 U.S.C. § 1983. The court construes the action under Bivens because he alleges that federal entities violated his constitutional rights and he seeks damages as relief.

policy.² (Compl. 6.) Plaintiff argues that "[i]t is cruel and unusual punishment to [plaintiff] to be sanctioned and punished for exercising his rights" to know the procedures of the "Out You Go List Kick You To The Compound (and other orientation and/or administration segregation rights)." (Id.) Plaintiff also concludes that the correctional officer interfered with plaintiff's access to an unknown court in "5:93-cr-25" and acted negligently by not informing plaintiff of the "Out You Go" procedures before writing an incident report. (Id. 6-7.) Plaintiff alleges he lost twenty-seven days good time credit because of the incident report. (Id. 11.) Plaintiff requests $50 million in damages and unspecified injunctive relief. (Id. 2.)

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and

---

²Plaintiff also attached a institutional incident report form which relates that the same correctional officer charged plaintiff with an institutional violation when he allegedly refused to report to general population. (Compl. 8.) Plaintiff does not describe the "Out You Go List Kick You To The Compound" policy.

2

conclusions. . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although the court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon, 574 F.2d at 1151 (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

Although plaintiff uses a § 1983 complaint form and relies on the Federal Tort Claims Act as his means of recovery, he alleges federal entities violated his Fifth and Eighth Amendment rights instead of committing tortious acts. Therefore, the court construes the complaint as arising from Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). See, e.g., Haines v. Kerner, 404 U.S. 519 (1972) (liberally construing pro se pleadings). To state a claim under Bivens, a plaintiff must allege that a defendant is a federal agent who acted under the color of authority and engaged in unconstitutional conduct. To succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove the following elements: (1) the deprivation of a basic human need was objectively "sufficiently serious" and (2) the prison official subjectively acted with a deliberate indifference. Wilson v. Seiter, 501 U.S. 294, 298, 303 (1991).

USP Lee is not a liable party to a Bivens action because it is not a "person" or "agent" of the United States, and plaintiff's attempt to impose liability upon it in a Bivens action is an

3

indisputably meritless legal theory. See Farmer v. Brennan, 511 U.S. 825, 839-40 (1994) (finding that case law involving § 1983 claims is applicable in Bivens actions, and vice versa); West v. Atkins, 487 U.S. 42, 48 (1988) (holding that a plaintiff in a § 1983 action must show that an alleged constitutional deprivation was committed by a person acting under color of state law).

Plaintiff also seeks to impose liability upon the Warden for an unknown Eighth Amendment violation although plaintiff alleges unconstitutional acts by a corrections officer under the Warden's supervision. However, plaintiff does not describe any act or omission by the Warden, and supervisory liability under Bivens may not be predicated only on the theory of respondeat superior. See Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690-94 (1978); Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). A Bivens action requires a showing of a defendant's personal fault based either on the defendant's personal conduct or another's conduct in execution of a defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Plaintiff fails to establish any culpability of the Warden for any act that allegedly violated his constitutional rights. Furthermore, plaintiff certainly fails to establish a deprivation of a basic human need that is protected by the Eighth or Fifth Amendment. Plaintiff simply alleges that the correctional officer violated due process by "negligently failing" to tell plaintiff the "Out You Go Procedures." Plaintiff cannot seek recovery under Bivens for negligence because negligence is not a basis for a constitutional claim.[3] See Bivens, 403 U.S. at 392. Therefore, plaintiff seeks to

---

[3] Even if the court construed this particular negligence claim under the Federal Tort Claims Act, the claim would still fail because plaintiff cannot merely rely on labels and conclusions to satisfy the elements of negligence under Virginia law. Bell Atl. Corp. 550 U.S. at 555. See Trimyer v. Norfolk Tallow Co., 192 Va. 776, 780, 66 S.E.2d 441, 443 (1951) (holding a negligence action requires a legal duty, a violation of the duty, and a consequent injury). Moreover, plaintiff does not allege any injury necessary to establish a negligence action.

4

impose liability on these defendants for unknown constitutional violations via meritless legal theories – <u>respondeat</u> <u>superior</u> and correctional facility liability. Accordingly, the court dismisses the complaint as frivolous.

III.

For the foregoing reasons, the court dismisses the complaint as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1), and strikes the case from the active docket of the court.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 26th day of August, 2009.

*/s/ James C. Turk*
Senior United States District Judge